### Ex parte L. C. WILLIAMS.

### No. 35792.

Court of Criminal Appeals of Texas.

May 1, 1963.

Rehearing Denied June 12, 1963.

Second Motion for Rehearing Denied Oct. 16, 1963.

William Davenport, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

By writ of habeas corpus relator seeks to attack as void a judgment by virtue of which he is confined. We have examined the judgment and do not agree with appellant's contentions.

Relief prayed for is denied.

## ON MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The judgment of the County Court attacked by habeas corpus in the same court, and in this Court on appeal from the order of the County Judge remanding him to custody, was on a plea of guilty before the court. It recites:

> "Wherefore, it is considered by the Court that the defendant is guilty of the offense charged herein, to-wit: Aggravated Assault, and his punishment is assessed at a fifteen months in jail and all costs of this prosecution.

> "It is therefore ordered, adjudged and decreed by the Court that the State of Texas do have and recover of the defendant L. C. Williams the said fifteen months in jail and all costs of this prosecution, and the defendant being present in Court, is placed in the custody of the Sheriff, who will forthwith

commit him to the Jail of said County, fifteen months in jail until such fine and costs are paid. And execution may issue against the property of said defendant for the amount of said fine and costs."

We remain convinced that the judgment is not void because the defendant was committed to jail until "such fine" was paid. No fine having been assessed, the words "such fine" may be rejected as surplusage, leaving a valid judgment committing the appellant to jail for 15 months and until all costs are paid.

Appellant's motion for rehearing is overruled.